Diane E. Lifton, Esq. (DL-9673)
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4500

   **-and-**
James A. O'Neal, Esq.
**FAEGRE & BENSON LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

*Attorneys for Defendant Novartis Pharmaceuticals Corp.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JERRY CASTLEBERRY, Personal Representative of the Estate of Donnia Castleberry,** | |
| **Plaintiff,** | **Civil Action No.: _____** |
| **v.** | *Document electronically filed.* |
| **NOVARTIS PHARMACEUTICAL CORPORATION; NOVARTIS CORPORATION; NOVARTIS PHARMA STEIN AG; and NOVARTIS AG;** | **NOTICE OF REMOVAL** |
| **Defendants.** | |

Defendant Novartis Pharmaceuticals Corporation ("NPC"), by filing this Notice of

Removal and related papers, removes this action from the Superior Court of New Jersey, Law

Division, Hudson County, to the United States District Court for the District of New Jersey

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of removal, NPC states:

1.     On April 16, 2008, plaintiff filed a lawsuit against NPC in the Superior Court of

New Jersey, Law Division, Hudson County, captioned *Jerry Castleberry, Personal*

*Representative of the Estate of Donnia Castleberry v. Novartis Pharmaceuticasl Corporation et al.*, Docket No. L-1943-08 (the "State Court Action").

2.     NPC has not yet been served with the Complaint in the State Court Action.  No proceedings have occurred in that action.  A copy of the State Court File, including the Complaint, is attached as Exhibit A.

3.     The Superior Court of New Jersey, Law Division, Hudson County is located within the District of New Jersey and, therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

4.     The Complaint alleges that the plaintiff is a citizen and resident of the State of Kentucky.  Complaint at ¶ 2  (Ex. A).

5.     NPC is, and has been at all relevant times, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey.  Therefore, NPC is a citizen of both the states of New Jersey and Delaware.

6.     Upon information and belief, Novartis Corporation is, and has been at all relevant times, a corporation under the laws of the State of New York with its principal place of business in the State of New Jersey.

7.     Upon information and belief, Novartis Pharma Stein is, and has been at all relevant times, a Swiss corporation with a principal place of business in Switzerland.

8.     Upon information and belief, Novartis AG is, and has been at all relevant times, a Swiss corporation with its principal place of business in Switzerland.

9.     The Complaint alleges that plaintiff's decedent, Donnia Castleberry, suffered injuries, including but not limited to "permanent physical and emotional injuries," expending "large sums of money for medical care and treatment," suffering economic loss, and otherwise being "physically, emotionally and economically injured," as a result of treatment with NPC's

prescription drug Zelnorm®.  The Complaint seeks compensatory and punitive damages, together with attorneys' fees, expert fees and all such other relief as the Court deems necessary. *See* the *ad damnum* clauses following each count of the Complaint.  Upon information and belief, plaintiffs' Complaint seeks damages in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between plaintiff and defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

11.      Defendant NPC may, therefore, properly remove this action pursuant to 28 U.S.C. § 1441(a).  *See, e.g.*, *Thomson v. Novartis Pharmaceuticals Corp.*, No. 06-6280, 2007 WL 1521138 (D.N.J. May 22, 2007) (Ex. B); *Ripley v. Eon Labs Inc.*, No. 07-912, 2007 WL 2406806 (D.N.J. Aug. 16, 2007) (Ex. C); *Frick v. Novartis Pharmaceuticals Corp.*, No. 06-5429, 2006 WL 454360 (D.N.J. Feb. 23, 2006) (Ex. D).

12.      This Notice is being filed within 30 days of NPC's first receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b) and therefore NPC has timely removed this action.

13.      Plaintiff's claim for punitive damages also raises a substantial federal question because New Jersey's punitive damages statute incorporates federal law by providing for a fraud-on-the-FDA exception and is in conflict with United States Supreme Court precedent.[1] Complaint at ¶¶ 54 *et seq*.  Under N.J.S.A. § 2A:58C-5, plaintiff is barred from recovering punitive damages unless he can prove that NPC "knowingly withheld or misrepresented" material and relevant information to the FDA.  This showing would require plaintiff to establish

---

[1] NPC reserves its rights to later contest choice of law, but for the purposes of these papers uses plaintiff's allegations that New Jersey law applies.

3

that NPC violated federal law in its submission of materials to FDA and thus raises a substantial federal question. *See, e.g., Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 966 (6th Cir. 2004) (holding that Michigan, by including a fraud-on-the-FDA exception in its tort reform statute, "chooses to incorporate a federal standard into its law of torts"); *Kobar ex rel. Kobar v. Novartis Corp.*, 378 F. Supp. 2d 1166, 1171-73 (D. Ariz. 2005) (concluding Arizona punitive damages statute requiring showing of fraud on the FDA necessarily implicates federal law); *Henderson v. Merck & Co., Inc.*, No. 04-CV-05987-LDD, 2005 WL 2600220, at *11 (E.D. Pa. Oct. 11, 2005) (same, interpreting Michigan statute). Further, under *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 343 (2001), punitive damages against NPC cannot be recovered based on alleged fraudulent representation to the FDA. Plaintiff also purports to allege a separate claim for fraud as to Plaintiff, the public, and the FDA. Complaint at ¶¶ 55 *et seq.*

14.     For the foregoing reasons, this Court has jurisdiction over this matter.

15.     A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Exhibit E and is being filed in the Superior Court of New Jersey, Law Division, Hudson County, and served on plaintiff.

16.     Upon information and belief, none of the other defendants have been served and are not required to join in the removal. *Rozance v. Norman*, Slip Copy, 2008 WL 45258, * 1 (W.D.Pa. Jan. 2, 2008) (co-defendants need not join in removal if they have not been served with the state court summons); *see also Farmers Elevator Mutual Ins. Co., v. New Amsterdam Casualty Co.*, 395 F.2d 546, 548 (7th Cir. 1968); 16 *Moore's Federal Practice*, § 107.11[1][d] (Matthew Bender 3d ed.).

Respectfully submitted,


s/  Diane E. Lifton
**GIBBONS P.C.**
Diane E. Lifton (DL-9673)
One Gateway Center
Newark, NJ 07102-5310
Telephone:  (973) 596-4500


Of Counsel:
**FAEGRE & BENSON LLP**
**J**ames A. O'Neal, Esq.
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000


Attorneys for Defendant
Novartis Pharmaceuticals Corporation

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 18th day of April 2008, I (i) electronically filed the foregoing Notice of Removal with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following and (ii) served the following via electronic mail:

    LOPEZ McHUGH LLP
    JAMES J. McHUGH, ESQ.
    712 East Main Street, Suite 2A
    Moorestown, NJ 08057
    T:  (856) 273-8500

    *Attorney for Plaintiff*

                              s/  Diane E. Lifton
                              Diane E. Lifton